## Connolly et al. v. Bell Telephone Company of Pennsylvania

Before Wright, P. J., Egan and Nixon, JJ.

*John Wirtzman,* for plaintiffs.

*Richard B. Tucker, Jr.,* for defendant.

WRIGHT, P. J. (fifty-seventh judicial district, specially presiding), May 14, 1952.—On April 30, 1949, a truck of the Bell Telephone Company, operated by Charles Vistein, traveling south on Federal Street Extension, came into contact with the body of Edith Ann Connolly, then aged six years, as a result whereof the child sustained certain injuries. The first trial ended in a disagreement of the jury. In the second trial the jury returned a verdict for the child's parents in the sum of $563.05, and for the child in the sum of $15,000. We are here passing upon defendant's motion for a new trial in support of which seven reasons have been filed. As presented at oral argument and in the briefs of counsel, these reasons may be reduced to three contentions as follows: (1) The verdict was excessive; (2) the trial judge erred in permitting plaintiff's witness, Asa Keller, to testify as to the speed of defendant's truck; (3) the court erred in allowing plaintiff's counsel to cross-examine defendant's witness, Charles Vistein, as to an alleged contradictory verbal statement immediately after the collision, and in permitting rebuttal testimony on the subject.

1. The remedy for an excessive verdict is by application to the trial court, where plaintiff can be given an opportunity to either accept a reduction or a new trial. This power of supervision is not merely a privilege conferred, but an imperative duty imposed upon it. The obligation to control is not limited to the trial judge, but extends to the court en banc where the motion for a new trial is argued: Gail v. Philadelphia, 273 Pa. 275. The difficulty with defendant's position is that we do not feel that the verdict in this case was excessive under the circumstances.

There is no complaint that the trial judge failed to fairly and properly charge the jury on the measure of damages. Prior to the collision the child was a healthy happy individual, normal in every way, and in excellent physical condition. She is now thin and nervous. Her reflexes are exaggerated. She is emotionally upset and fearful, has frequent headaches, and occasional blackouts. The family physician testified that the child's condition is permanent and will affect her in the future and that she will need medical attention once every two to three months. It is not disputed that the child had a severe brain concussion and was unconscious for several hours. We are convinced that the child's personality has been completely changed.

In fixing the proper amount of a verdict for personal injuries, compensation is the rule. It must be reasonable, but it must also be just, full, and fair. Only in an extreme case, where it can be definitely said that the jury abused its discretion, should the verdict be reduced: Huey et vir. v. Blue Ridge Transportation Company, 350 Pa. 488. Under all of the evidence in the present case, our conscience is not shocked by the amount of the verdict.

2. Asa Keller was 14 years of age at the time of the trial. He was 11 at the time of the accident. At the

first trial he testified as to speed without objection on the part of defendant's counsel. At the second trial the objection was raised that a child of 11 could not possibly have had sufficient experience in judging the speed of moving vehicles to be qualified to testify as to speed. It appears in evidence that Asa Keller rode in automobiles frequently, that his father owned an automobile, that he rode frequently with his father, that he watched the speedometer, that he watched moving vehicles on the street, that he felt himself competent to estimate speed. The trial judge permitted the boy to give his estimate of the speed of the truck, cautioning the jurors at the time (and later in the charge) that the weight of that estimate was for them to determine.

A nonexpert witness is competent to express an opinion as to the rate of speed of an automobile: Dugan v. Arthurs, 230 Pa. 299. Whether a witness is qualified to give an opinion is a matter to be determined by the trial judge: Cooper v. Metropolitan Life Ins. Co., 323 Pa. 295. In determining the competency of a witness of tender years, much must be left to the discretion of the trial judge: Commonwealth v. Allabaugh, 162 Pa. Superior Ct. 490. We are entirely clear that it was proper for the trial judge in this case to permit Asa Keller to express an opinion as to speed, cautioning the jurors (as was done thoroughly) that the weight of the estimate was for them to determine. The cases of Wenhold v. O'Dea, 338 Pa. 33, and Ealy et ux. v. New York Central Railroad Company, 333 Pa. 471, relied upon by counsel for defendant, are clearly inapposite.

3. Immediately after the collision, according to plaintiff's witness, Mrs. June Smith, defendant's truck driver exclaimed: "Oh my God, I hit that kid. I was coming down that hill too fast. It was my own fault." At the first trial plaintiff's counsel offered this testi-

mony in chief. The then trial judge sustained defendant's objection. Our understanding is that his ruling was based upon the proposition that, while the driver's statement was properly res gestae in point of time, it was the statement of a conclusion. It is not necessary for us to decide this question because the statement was not offered at the second trial as evidence in chief.

At the second trial defendant called Vistein as its witness. He testified that he was proceeding in second gear about 15 miles per hour, using the foot brake, and that the collision was inevitable. Vistein was then asked on cross-examination whether, immediately after the accident he had not made the statement in question. He replied, "Not to my knowledge". The testimony of Mrs. June Smith as to the statement was then admitted by the court in rebuttal. In his charge the trial judge said to the jurors:

"This statement was not admitted as evidence in chief on the question of liability nor was it received as an admission of the defendant or the employe. It was simply admitted for the purpose of having you consider it on the question of the driver's credibility, the weight you will attach to his story as he testified here in this trial. It is limited to that purpose."

We deem it unnecessary to cite supporting authority for the proposition that a witness who gives substantive testimony regarding a material fact may be impeached by his prior contradictory statement on the subject. In the present case the material issue of liability depended upon the conduct of defendant's driver. His testimony, as a witness for defendant, was that the accident was unavoidable (i.e., that he was not at fault). We are entirely clear that it was proper to show in rebuttal that Vistein had made a prior inconsistent statement.

The cases relied on by defendant's counsel not only

do not support his contention but actually support the position of the trial judge. In Commonwealth v. Zervas, 302 Pa. 510, the Supreme Court said:

"Whether the defendant entered the car of the deceased and drove away with him late on the night of the homicide was one of the vital questions in the case. It was therefore competent, as affecting his credibility, to ask this witness in cross-examination, if he had not stated to the deceased's brother the morning after the occurrence that he saw the defendant get in the car in question late that evening at a designated point in New Kensington and go away with the deceased. As the witness denied he had so stated, it was equally competent for the brother, in rebuttal, to testify that he had."

In Kaplan et al. v. Loev, 327 Pa. 465, in which there were vigorous and persuasive dissents, it was ruled that witnesses who testified favorably to plaintiff's contention on the question of liability, could not be asked on cross-examination whether they had claimed damages from defendant, and had received money from defendant, and had signed a release. As we understand the theory of the majority, the testimony was properly excluded because it would have brought before the jurors the fact that defendant was protected by insurance. It is significant that the trial judge in that case, in excluding the testimony, stated that the witnesses "could have been asked concerning any statement made by them that defendant had been careless, or any statements otherwise contradictory to their testimony in direct examination".

### Decree

Now, May 14, 1952, defendant's motion for a new trial is hereby overruled and refused. Judgment is directed to be entered on the verdict upon payment of the jury fee.