## Sapsara v. Peoples Cab Company

*Duff & Doyle*, for plaintiff.

*Harland I. Casteel*, for defendant.

COLUMBUS, J., November 30, 1954.—This is a trespass action arising out of an intersection collision between defendant corporation's taxicab, in which plaintiff was a passenger, and a vehicle driven by one George Yovetich, who was not made a party to the action. The collision occurred in the early morning of April 14, 1951, at the intersection of Twenty-fourth and Jane Streets, on the south side of Pittsburgh.

The case was tried before a judge and jury, and resulted in a verdict in favor of defendant, Peoples Cab Company. The case is now before the court en banc on plaintiff's motion for a new trial, in support of which she has advanced eight reasons.

Plaintiff has contended that error requiring a new trial was committed when defendant's cab driver "was permitted, over the objection of the plaintiff, to testify regarding the speed of another vehicle", it being argued that he did not observe the moving vehicle for a sufficient length of time so as to be competent to thus testify.

On direct examination Haas, defendant's driver, testified as follows:

"Q. Will you mark on there by using the letter "C" the approximate location of the truck when you first saw it?

"A. (Witness marks exhibit.)

"Q. Let's make that an "X". You mean at this point?

"A. Yes.

"Q. It is approximately how many feet from point C to point A?

"A. About 15. Well, it is about 18 feet then. About 20 feet, I guess."

On cross-examination the following testimony was given:

"Q. But had you stopped when you first saw him and he continued the way he was, by your own measurements he would have missed you?

"A. No, I don't think he would have missed me. He would have still hit me there.

"Q. All right, you think he would have done it. But our measurements are correct from the point you first saw him until the point of impact, about 10 or 15 feet; is that correct?

"A. Yes."

"There is no rule of law, . . . that excludes opinion evidence as to speed if the witness presents the requisite qualifications, viz., an observation of the vehicular movement in question and a recognition of impressions of like vehicles at relative speeds": Shaeffer v. Torrens, 359 Pa. 187, 193.

A reading of the transcript discloses that the witness had the requisite qualifications, viz., an observation of the vehicular movement in question, and a recognition of impressions of like vehicles at relative speeds, and was therefore competent to give evidence as to the speed of the Yovetich vehicle.

Plaintiff suggests that a new trial should be granted because, "although no question of contributory negligence was involved . . . the charge to the jury contains many references to contributory negligence without ever defining it". The transcript discloses that the court said the following:

"I can't see, members of the jury, that you could charge her at all with any contributory negligence. As a matter of fact, I will tell you that she can't be guilty of any contributory negligence. . . . But I charge you, members of the jury, that you can't con-

sider any contributory negligence on the part of Mrs. Sapsara, because she couldn't be guilty of any."

This contention is patently without merit. The record shows that the court took pains to make it crystal clear that the question of contributory negligence could not, under the evidence, affect the plaintiff's right to recover. We are mystified as to the basis of her objection.

Another reason advanced in support of plaintiff's motion for a new trial is to the effect that the court's charge fails "to specifically clarify the duty of the cab company to the plaintiff". A careful reading of the charge convinces us that the trial judge correctly and adequately covered this point. In addition, the trial judge affirmed plaintiff's eighth point for charge:

"8. The defendant cab company was a common carrier for hire, and the cab company and its driver owed to the plaintiff, Mrs. Sapsara, a passenger in it, the highest degree of care and diligence in carrying her to her destination. That's true, and I so charge you."

At the conclusion of his charge, the trial judge inquired of counsel whether there was anything further they wished the court to charge the jury. No response was heard from plaintiff's attorney, and plaintiff took only a general exception to the charge. In view of the foregoing facts, plaintiff cannot now conscientiously complain that the charge was not clear.

Additionally, plaintiff complains that "without any notice to or knowledge of plaintiff or plaintiff's counsel, the jury was brought back from deliberation and was charged by the court, although plaintiff's counsel was given no opportunity to know of this fact or to be present". The record reveals that the jury returned after two hours' deliberation to hear the court say the following:

"The Court: Ladies and gentlemen of the jury, you have sent down to me a note in which you state as

follows: 'We find there is no negligence on the part of the cab driver, but feel the cab company should be responsible for doctor bills and hospital bills covering injuries suffered by the passenger on April 14, 1951.'

"You put this query: 'Would such a verdict be acceptable?'

"I can only repeat in part to you, members of the jury, what I told you in my charge: Liability is based upon negligence alone. Without negligence there is no liability. I can't say anything more than that to you."

It is undoubtedly the better practice for the court to give additional instructions to jury only in the presence of the parties or their counsel, but the general rule is that unless the court is convinced, not only that error was committed, but also that such error did in all probability harm plaintiff, it is not reversible error. Consequently, the mere fact that the judge has given additional instructions to the jury in the absence of the parties and their counsel is not, per se, ground for granting a new trial: Allegro v. Rural Valley Mutual Fire Ins. Co., 268 Pa. 333. See also Altsman v. Kelly et al., 336 Pa. 481; Noreika v. Pennsylvania Indemnity Corporation, 135 Pa. Superior Ct. 474.

As can readily be seen from the reported text (above) of the subsequent instructions, the answer to the jury's inquiry was brief, and a correct statement of the law as previously expounded by the trial judge. There was nothing prejudicial to plaintiff in these instructions, and counsel does not contend that they are incorrect in substance. Our conclusion is that the complaint is without merit. To order a retrial for this alleged error would be doing violence to the proper concept that cases should be retried only for material error.

The other reasons suggested by plaintiff are the usual reasons assigned in support of a new trial mo-

tion. In our opinion the case was fairly tried, free of reversible error, and the evidence submitted presented a jury question which would permit the jury to find, as they did, for defendant. These reasons are not deserving of further discussion, and will therefore be rejected.

Since the reasons advanced do not warrant the granting of a new trial, we will enter an order dismissing plaintiff's motion.

### Order of Court

And now, November 30, 1954, the motion ex parte plaintiff for a new trial is refused, and it is ordered that judgment be entered in favor of defendant upon payment of the verdict fee.

### Final Judgment Verbatim

Now, December 1, 1954, verdict fee paid and judgment entered in favor of defendant and against plaintiff.