## Commonwealth *v.* Waters, Appellant.

512

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*H. David Rothman,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 25, 1971:

Petitioner pleaded guilty to murder generally and on February 27, 1963, was adjudged guilty of murder in the first degree and sentenced to life imprisonment. No direct appeal was taken from the judgment of sentence. On June 25, 1968, petitioner filed a petition under the Post Conviction Hearing Act,[1] contending that his guilty plea had been unlawfully induced, that he had been ineffectively represented by counsel, and that he had been denied his right to appeal. The petition was dismissed after a hearing and this appeal ensued.

Petitioner testified that at the time of his arrest a police officer struck him violently in the stomach sev-

---

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq.

eral times without provocation. This was corroborated by several other eyewitnesses and so found as a fact by the hearing court.[2] Petitioner further testified that the same officer who had assaulted him visited him in his cell at the police station and told him that he might as well confess inasmuch as his accomplice had already given a statement implicating petitioner in the homicide. According to petitioner, he then decided to confess in order to forestall a second beating. Shortly thereafter petitioner did in fact confess to another police officer.

In order for an accused to avoid the consequences of a guilty plea on the basis of a coerced confession, he must demonstrate, inter alia, that the existence of the illegally obtained confession was the primary motivation for the plea. See, e.g., *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967). Petitioner's own testimony at the PCHA hearing, however, refutes any assertion that his confession was the primary motivation for guilty plea. On cross-examination petitioner was asked: "Q. . . . And wasn't it because you were afraid that it might be first degree with that death penalty that caused you to plead guilty in the hope of getting life imprisonment, isn't that true? Isn't that true? A. Yes, sir." On redirect examination petitioner was again asked (this time by his own counsel): "Q. Are you saying that the only reason you pled guilty was to avoid the electric chair? A. Yes, sir. Q. That is the sole reason? A. Yes, sir." Upon this record petitioner's plea is not susceptible to attack on the basis of his confession.

Respecting the contention of ineffective assistance of counsel, petitioner testified as follows: His trial counsel, Herbert Blumenfeld, met with him only once for one or two minutes one week prior to trial. At that

---

[2] The hearing court, however, did not specify in its finding how many times petitioner had been hit.

brief meeting, Blumenfeld did not discuss the case with him or ask him any questions but merely stated: "Don't worry about it, it won't be the worst." On the day of trial Blumenfeld's only further advice to petitioner was: "If you plead guilty, I'll get you second degree." Although petitioner subsequently testified as a witness on his own behalf, Blumenfeld did not prepare him in any way. Finally, petitioner asserted that Blumenfeld never even informed him of the nature of the charges against him or of his right to appeal the judgment of sentence.

Upon cross-examination petitioner's testimony was somewhat weaker. He admitted that Blumenfeld had interviewed petitioner's mother and gained some knowledge of petitioner's general background. Petitioner also admitted that he had been aware that he was facing a charge of "homicide." In addition, Blumenfeld was called as a witness for the Commonwealth. Blumenfeld was unable to recall the material details concerning his representation of petitioner but did testify that it was his practice, particularly in murder cases, to interview his clients thoroughly before advising them to plead guilty or allowing them to testify.

As we declared in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967): "Our task in cases of this nature . . . encompasses both an independent review of the record . . . and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. . . . The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." 427 Pa. at 604-05, 235 A. 2d at 352-53 (footnote omitted). Accord *Common-*

wealth v. *Skipper*, 440 Pa. 576, 271 A. 2d 476 (1970) ; *Commonwealth v. Woody*, 440 Pa. 569, 271 A. 2d 477 (1970).

In applying these standards to the case at hand, it should be noted initially that the hearing court did not credit petitioner's testimony concerning Blumenfeld's representation of him. Matters of credibility are uniquely within the competence of the finder of fact, and this particular finding is not clearly erroneous. What did impress the hearing court was Blumenfeld's testimony that he habitually conducted comprehensive interviews with his criminal clients. While the constitutional imperative of effective assistance of counsel is not concerned with counsel's general ability and competence but only with counsel's performance in a given case, Blumenfeld's testimony regarding his customary procedures in criminal cases is to some extent probative that he did follow such procedures in this particular case.

A review of the trial record sustains the view that Blumenfeld's recommendation of a guilty plea had a reasonable basis and that petitioner was otherwise afforded effective assistance of counsel. At trial, Blumenfeld cross-examined several of the Commonwealth's witnesses and examined a dozen witnesses in petitioner's behalf, including petitioner himself. Moreover, prior to the entry of the guilty plea, petitioner's accomplice had confessed, and in that confession petitioner was clearly implicated in the homicide. In light of these circumstances, we cannot hold that petitioner was inadequately represented.

Petitioner's final contention is that he was denied his right to appeal by virtue of the fact that neither Blumenfeld nor the trial court ever informed him of that right. The hearing court made no finding in this regard, being of the view that these assertions, even if true, would not provide a basis for any relief. We disagree.

It is generally true that all claims cognizable on direct review of a murder conviction based upon a plea of guilty are equally cognizable in collateral proceedings, and the denial of appellate review in such circumstances is not prejudicial. See *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966). However, where, as here, a plea of guilty to murder generally is followed by a conviction of *murder in the first degree,* the denial of appellate review cannot be overlooked. "Since the Commonwealth is required to prove the elements of first degree murder beyond a reasonable doubt, Commonwealth ex rel. Andrews v. Russell, 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966) ; Commonwealth v. Kurus, 371 Pa. 633, 637, 92 A. 2d 196, 198 (1952), a defendant so convicted may have other errors to press on direct review." *Commonwealth v. Stokes,* 426 Pa. 265, 268 n.5, 232 A. 2d 193, 194 n.5; accord, *Commonwealth v. Walters,* 431 Pa. 74, 76-77 n.1, 244 A. 2d 757, 759 n.1 (1968). "Nor will this Court presuppose to determine whether the petitioner has additional legitimate claims which he can raise on a direct appeal beyond those which a collateral proceeding would permit him to present." *Commonwealth v. Zaffina,* 432 Pa. 435, 438, 248 A. 2d 5, 7 (1968).

It is thus clear that petitioner must now be afforded an opportunity to prosecute an appeal from the original judgment of sentence, if in fact he was ignorant of his right to appeal. Although the hearing court made no findings in this regard, we may nevertheless resolve the issue here. As the record of petitioner's original trial is silent on the question whether he was aware of his right to appeal, the burden of proof on this issue rests with the Commonwealth. See, e.g., *Commonwealth ex rel. Johnson v. Rundle,* 440 Pa. 485, 270 A. 2d 183 (1970) ; *Commonwealth v. Mumford,* 430 Pa. 451, 243

518

A. 2d 440 (1968); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A. 2d 760 (1968). In the instant case, however, the Commonwealth offered no evidence on this issue and, consequently, failed to meet its burden of proof. Accordingly, petitioner must now be given the right to file an appeal to be docketed as if timely filed.

It is so ordered.

Mr. Justice COHEN took no part in the decision of this case.