Commonwealth *v.* White, Appellant.

Submitted November 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Charles F. G. Smith,* for appellant.

*J. Bruce McKissock* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 20, 1972:

On September 7, 1949, Joseph White with the assistance of counsel entered a general plea of guilty to the charge of murder, and, after an evidentiary hearing before a three-judge court, was adjudged guilty of murder in the first degree and was sentenced to life imprisonment.[1] No appeal was entered.

In April 1971, White filed a petition seeking post-conviction relief, which was denied after hearing. White filed this appeal from that order.

In the petition seeking post-conviction relief, White asserted that he was denied his right of appeal from the judgment of sentence; that his constitutional guarantee against self-incrimination was violated by compelling him to appear before the committing magistrate without representation of counsel; that his guilty plea was unlawfully induced; that there was an unconstitutional suppression of evidence; and, that he should be awarded a new trial because of after-discovered evidence.

Initially we note that the commutation of sentence and granting of parole does not preclude White from pursuing proceedings seeking post-conviction relief.

---

[1] White's sentence was commuted by the Pennsylvania Board of Pardons on November 30, 1971, and he was then released on parole.

See *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A. 2d
465 (1971); *Commonwealth ex rel. Ulmer v. Rundle,*
421 Pa. 40, 218 A. 2d 233 (1966); and, Section 3 of
the Post Conviction Hearing Act, Act of January 25,
1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp.
1971). Likewise, we conclude that the hearing court
erred in not granting White the right to file post trial
motions and to file a direct appeal in the event these
motions were denied. See *Commonwealth v. Waters,*
441 Pa. 511, 273 A. 2d 329 (1971). Therefore, we will
treat this appeal as a direct appeal from the conviction
and sentence. See *Commonwealth v. Taylor,* 439 Pa.
321, 266 A. 2d 676 (1970).

Although the sufficiency of the evidence to sustain
a finding of guilt of murder in the first degree is not
questioned, nonetheless, we have examined the record
and are convinced the evidence amply supports the
degree of guilt adjudication. We are also persuaded
that White's attack on his conviction and sentence is
devoid of merit.

The prosecution emanated from the fatal shooting
of Edna Harris with whom White engaged in a close
relationship after being estranged from his wife. On
the day involved, according to the trial testimony of
eyewitnesses, Miss Harris was first observed standing
on a street corner in Philadelphia with her face covered
with blood; she was then seen running across the street
and into an apartment house with White in pursuit;
she entered the apartment of a Miss Wilson and bolted
the door behind her; White broke the door open and
fired many shots into the body of Miss Harris as she
tried to run from his attack; and, when the police
arrived White resisted arrest by engaging in a shoot-
out.

In his trial testimony, White did not dispute the
history of events, as before related. Moreover, he ad-
mitted firing so many shots at Miss Harris during the

fatal occurrence, that it was necessary for him to pause and reload the gun. However, he said his attack on Miss Harris was the result of an emotional disturbance precipitated by an argument between them a short time before, during which she procured a gun and shot at him.

White claims his plea was induced because of the existence of a coerced confession in the hands of the police and also because of his fear of being sentenced to death in the event he went to trial before a jury. The existence of a confession obtained through impermissible means does not, in itself, demonstrate that a guilty plea is not the voluntary and knowing act of the pleader. *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (1970). So too, the fact that a plea of guilty is entered in the hope and desire of evading a harsher sentence does not establish per se that the plea was not a free and rational choice. *Commonwealth v. Henderson,* 441 Pa. 255, 272 A. 2d 182 (1971).

The suppression of evidence claim is based on the complaint that if the police had checked out the condition of White's living quarters (a place removed from that where the fatal shooting occurred, but the place where White said the original argument and altercation occurred), bullet holes in the ceiling of the living room would have been found to support his testimony that Miss Harris provoked the fatal attack. This, of course, is a non sequitur. Moreover, it is contradicted by the trial record which shows that the police did go to White's residence after his arrest and did find evidence of four bullet holes in the ceiling.

White claims he should be granted a new trial because a record has now been found in the Presbyterian Hospital of Philadelphia evidencing that he was taken there after his arrest suffering from a laceration of the scalp and a hematoma of the left cheek. This, it

is argued would further strengthen his claim that Miss Harris first attacked him. Assuming such an attack occurred, this would not excuse White's subsequent attack on Miss Harris. See *Commonwealth v. Johnston*, 438 Pa. 485, 262 A. 2d 376 (1970). Further, White's claim that Miss Harris was the initial attacker was fully presented to the trial court and its truthfulness and significance was for the trier of the facts to resolve.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.

The former Mr. Chief Justice BELL and the former Mr. Justice BARBIERI took no part in the consideration or decision of this case.