Kauffman, Appellant, *v.* Carlisle Cement
Products Co., Inc. et al.

Argued December 6, 1973. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH,
JJ. (SPAULDING, J., absent.)

*John J. Krafsig, Jr.,* for appellant.

*George F. Douglas, Jr.,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

This is an appeal by plaintiff from the lower court's granting of defendant's motion for a directed verdict in a trespass action.

Minor plaintiff, Michelle E. Kauffman, was a rear seat passenger in an automobile operated by Thelma Troup, who was killed in a collision between her automobile and the truck of the defendant, Carlisle Cement Products Co., Inc., which at the time of the accident was driven by an employee of the company, Clyde Myers. Thelma Troup's husband, Lawrence L. Troup, is the administrator of the estate of his deceased wife and was made the additional defendant in this case.[1]

The accident occurred at Intersection of Routes 944 and 34 in Cumberland County. Thelma Troup, the deceased driver was travelling westward on Route 944

---

[1] No appearance was entered as to the additional defendant and consequently this case proceeded to verdict against the additional defendant only.

intending to turn south at the intersection onto Route 34. Her line of travel was controlled by a stop sign at the intersection. Just prior to the accident the truck of the defendant, Carlisle Cement Products Co., Inc., was being driven northward on Route 34 which was a through highway. At trial, the driver of the truck, Clyde Myers, was called by plaintiff's counsel as for cross-examination. Defense counsel objected to this witness being called as for cross-examination and the court upheld the objection since in the court's opinion he was a mere employee of the owner of the truck, was not a party, and therefore had no pecuniary interest, direct or otherwise, in the outcome of the case. The court was correct in this ruling. Act of May 23, 1887, P. L. 158, §7, as amended, 28 P.S. 381; *Suckling v. Penn. Threshermen and Farmers' Mutual Casualty Insurance Company*, 426 Pa. 503, 507 (1967); *Wilf v. Philadelphia Modeling and Charm School, Inc.*, 205 Pa. Superior Ct. 196, 201 (1965); *Stewart v. Supplee-Wills-Jones Milk Company*, 180 Pa. Superior Ct. 583, 586 (1956). Plaintiff's reliance on the case of *Hodge v. Me-Bee Co., Inc.*, 429 Pa. 585, 591, 592 (1968) is not apropos. In that case the person called for cross-examination was the treasurer of the defendant company and as "officer of a corporation" he was specifically covered under the Act of 1887, supra, as one who could be called upon for cross-examination.

The more serious question surrounds the testimony of the minor plaintiff, Michelle K. Kauffman, who was a 10-year old fourth grader at the time of trial and 9 years old at the time of the accident. She testified that the Troup car in which she was a passenger had stopped at the stop sign and then pulled out into the intersection. She stated that as the Troup car entered the intersection she looked to her left and saw defendant's truck 40 to 50 feet away and a few seconds

later the impact occurred. She stated that the driver of her car, Thelma Troup, deceased, once she had pulled out from her stopped position, proceeded past the stop sign and had traveled onto Route 34 when the collision occurred and that when the truck and the automobile collided, the truck's front wheels went over the roof of the Troup car. The collision caused minor plaintiff to be thrown out of the car as the result of which she sustained serious injuries. Plaintiff's counsel attempted to elicit from Michelle a statement as to the speed at which defendant's truck was moving immediately prior to the accident. This attempt was objected to by defendant's counsel on the grounds that the minor plaintiff was not qualified to estimate speed. The objection was sustained on the following colloquy in the record in the direct examination of the minor plaintiff: "Q. What did Thelma Troup do then? A. Pulled out. Q. Now, did she go very fast? A. No. MR. DOUGLAS: I object to any testimony of speed from this little lady. THE COURT: Yes, I think maybe her qualifications to judge speed might be a little . . . MR. KRAFSIG: I didn't ask what speed—THE COURT: You asked did she move out very fast? MR. KRAFSIG: No, Your Honor. Could we have the reporter read back what was said? (Previous two questions and answers read.) MR. DOUGLAS: I asked that the answer be stricken as the question was improper for a witness of this age. THE COURT: The jury will be instructed to disregard it. Normally you are not competent to give evidence as to speed unless you have some experience on the basis from which you can make it, and this little girl, we don't feel, is competent to do that. MR. KRAFSIG: Your Honor, I believe this is premature. THE COURT: We have already ruled. Mr. Krafsig, will you abide by my ruling? MR. KRAFSIG: Yes, sir, and note my exception."

It appears that plaintiff's counsel was not given the opportunity to examine the minor plaintiff on her

intelligence, experience and powers of observation in determining her knowledge concerning speed. It may well be that after such examination her lack of knowledge concerning speed would have disqualified her as a witness in this matter. But until that was determined the court erred in deciding her qualifications as a matter of law without any factual basis for its ruling. Qualification to be a witness is to be distinguished from possession of knowledge by a witness sufficient to enable him to testify concerning a specified matter. Every person, with certain exceptions not involved in this case, is qualified to be a witness on any matter at issue on the case. When the qualification or disqualification of a person to be a witness is an issue, the issue is to be determined by a judge, but not until the parties have had opportunity to present evidence and to examine and cross-examine a witness as to the witness' qualifications to testify on the issue at hand. ALI, Model Code of Evidence, Rule 101.[2]

The lower court, in its opinion, cited cases setting forth the law regarding competency of witnesses to testify as to speed. See *Dugan v. Arthurs,* 230 Pa. 299, 302 (1911); *Sapsara v. Peoples Cab Company,* 2 Pa. D. & C. 2d 22 (1954), affirmed per curiam 381 Pa. 241 (1955); *Connolly v. Bell Telephone Company of Pennsylvania,* 83 Pa. D. & C. 342, 345 (1952). In this regard we agree with the lower court. But, as the lower court indicates in referring to the *Connolly* case, supra: "In

---

[2] ALI, Model Code of Evidence, Rule 101, Illustration 1, sets forth the following example: "W, a child under 7 years of age is called to testify to an event occurring when he was only 5 years of age. The judge finds that, while W is incapable of making understandable answers to some pertinent questions which might be asked, he is not incapable of making understandable answers to appropriately framed relevant questions sufficient in number and variety to constitute reasonable direct and cross-examination. W is qualified to be a witness."

the latter case, a child who at the time of the accident was 11 years old, or two years older than the witness here, was permitted to give an estimate of speed." In the *Connolly* case, however, the 11 year old was examined as to his qualifications to testify. Perhaps in the instant case, Michelle would have been similarly qualified if she had been given the opportunity to indicate her experience, intelligence and power of observation and upon which the court could have determined this question. We agree with the proposition that in determining the competency of a witness of tender years, much must be left to the discretion of the judge. *Commonwealth v. McKinley,* 181 Pa. Superior Ct. 610, 614 (1956); *Commonwealth v. Allabaugh,* 162 Pa. Superior Ct. 490, 492-493 (1948); *De Lio v. Hamilton,* 227 Pa. Superior Ct. 581 (1973). But these cases cited by the lower court and also by defense counsel clearly indicate that the judge's discretion should be predicated upon qualification testimony. We therefore agree with plaintiff's contention that the lower court was premature in its ruling.

We also are of the opinion that there was sufficient evidence presented for the jury's consideration as to whether or not there was negligent operation of the defendant's truck at the intersection in the inability of the driver to stop the truck before striking deceased's car when the truck was 40 or 50 feet away from deceased's automobile at the time minor plaintiff saw it. It is not so clear that reasonable men could not differ that the driver of the truck, going fast enough to drive the front wheels over the roof of deceased's car, had his truck under proper control and speed, under the circumstances of this case.

In view of the foregoing, we will not consider plaintiff's objection to the lower court's refusal to consider the assured clear distance ahead rule.

Order of the lower court reversed and the case is remanded for a new trial.

WATKINS, P. J., dissents.