363 A.2d 1148
**COMMONWEALTH of Pennsylvania**
**v.**
**Alexander Roosevelt RAINEY, Appellant.**

Superior Court of Pennsylvania.
Submitted March 1, 1976.
Decided Sept. 27, 1976.

40

Steven M. Foldes, Harrisburg, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge.

This is an appeal from the judgment of sentence in the Court of Common Pleas of Dauphin County, Criminal Division, by the defendant-appellant, Alexander Roosevelt Rainey, after conviction by a jury of arson—endangering persons; and from the denial of post-trial motions.

The case centered around violent marital discord between appellant and his wife. The appellant had threatened to burn the house and to kill the wife and children. The wife in a prior dispute had shot her husband but she was never prosecuted.

On the morning of July 3, 1974 at 3:00 a. m. appellant's wife was sleeping on the first floor of her home because of fear of her husband's threats when she was awakened by the sound of fire. She found the kitchen and the dining room engulfed in flames which were spreading to the second floor where the children were sleeping. She rushed upstairs and led the four children to safety. The house was completely gutted by the fire. Investigation disclosed that the fire was of an incendiary nature and that a petroleum based accelerant was used.

The evidence presented by the Commonwealth was circumstantial in nature involving threats by the appellant, in the presence of others who testified, that he would burn the property and kill his wife and the children. There was testimony by a witness that he asked someone else to set the home on fire and his wife testified that he had been at her home in April of 1973 with a fire bomb. In addition, there was testimony to the ef-

fect that appellant's car was parked near the home and that the description of the man who entered the home and returned to the car resembled the appellant. In viewing this evidence, even though circumstantial, in the light most favorable to the Commonwealth, it was sufficient to sustain the verdict. *Commonwealth v. Bundy*, 458 Pa. 240, 328 A.2d 517 (1974).

The other contentions consist of the following:

(1) That the opening statement of the district attorney was prejudicial;

(2) That the court abused its discretion by refusing to allow certain questions on voir dire;

(3) Appellant was denied effective assistance of counsel in:

(a) failing to object to the competency of a twelve-year-old witness;

(b) permitting the introduction into evidence of appellant's prior criminal record; and

(c) denying the appellant his Sixth Amendment right to confrontation of a witness.

■ The first contention which involved the statement of the Commonwealth that "This is a serious case" is patently without merit. The opening statement was not stenographically reported. No objection was made at the time and the remark was not placed on the record. All matters that come to trial are serious.

■ The contention concerning the court's refusal to allow certain questions on voir dire is well disposed of by the court below in its opinion as follows:

"Counsel submitted sixty-eight questions for voir dire. Some were allowed and some were refused.

'It is well settled in this Commonwealth that the examination of jurors under voir dire is solely for the purpose of securing a competent, fair, impartial and unprejudiced jury. Neither counsel for the defen-

dant nor for the Commonwealth should be permitted to ask hypothetical questions designed to disclose what a juror's present impression or opinion may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case. While considerable latitude should be permitted on a voir dire, the inquiry should be strictly confined to disclosing qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause.' *Commonwealth v. Johnson*, 452 Pa. 130, [305 A.2d 5] (1973).

"Examination under voir dire is limited to determining if a juror is subject to disqualification for cause, for lack of qualifications or for fixed opinion. The scope of the voir dire examination is not to provide the defense with a basis upon which to utilize peremptory challenges. *Commonwealth v. Lopinson*, 427 Pa. 284, [234 A.2d 552] (1967); *Commonwealth v. Brown*, 228 Pa.Super. 166 [323 A.2d 281] (1974). The voir dire questions denied by the Court consisted of questions which would be characterized as instructions on legal concepts, reactions of prospective jurors to hypothetical situations which might develop during jury deliberations, and argumentative statements concerning the probative value of circumstantial evidence. All of these questions were outside the above established tests for the scope of voir dire examination."

█ The appellant next contends that the failure of counsel to object to the competency of a twelve-year-old witness was incompetency. The court below adequately answers this contention as follows:

"Aaron Potts, age 12, was called as a Commonwealth witness. He said he was in the seventh grade, knew the difference between the truth and falsehood, and that if he lied under oath, he would get into trouble. He testified that he was in the backyard of his Schuyl-

kill Street home shortly before 3 o'clock a. m., waiting for his girlfriend, when he saw a man enter the Rainey side porch. A short time later, he observed the porch explode in flames and the man run off. He was not close enough to see the man's face and could not identify the defendant although his description of the person matched that of the defendant in some respects.

"His answers to the various questions were responsive, sensible and clearly expressed. The Court recalls him as an unusually alert and intelligent lad, with a courtesy and projection lacking in many adult witnesses. Defendant cites *Rosche v. McCoy*, 397 Pa. [615] [156 A.2d 307] (1960), involving an automobile accident witnessed by a four year old girl; *Commonwealth v. McKinley*, 181 Pa.Super. 610, [123 A.2d 735] (1956), concerning the testimony of a seven year old girl in a molesting charge; and *Kauffman v. Carlisle, C. P. Co., Inc.*, 227 Pa.Super. 320 [323 A.2d 750] (1974) [sic] where a nine year old boy was not permitted to testify as to the speed of the vehicle. These cases have no more to do with the situation in question than a camp fire to a forest conflagration."

█ The appellant further charges incompetency of counsel in having him testify to the conviction of two prior offenses. The court below again disposes of this complaint in a well reasoned statement as follows:

"When he took the witness stand, the defendant immediately related his conviction of two prior offenses. He said that when he was seventeen years old, he was convicted of armed robbery in Virginia. He then went on to explain that it involved a situation where his wife was in the hospital and the man he was working for had refused to pay him wages due him for a month and a half whereupon he simply took the money from him. He said that because he was in the south where a black man's word was no good, he was convicted. His

second offense occurred in 1972 when he was in the service and was told that his child was sick and he had to come home at once. He took one of his buddies' cars because another friend had been using his. He was convicted under the Dyer Act and was incarcerated from December 29, 1972 to October 10, 1973.

"His wife had previously testified that he had been at her home in April of 1973 with a fire bomb. Mr. Rainey claimed that this was impossible since he was in the federal penitentiary in Terre Haute, Indiana, at the time. Thus the second conviction was obviously introduced to attack his wife's credibility.

"In view of *Commonwealth v. Bighum*, 452 Pa. 554, [307 A.2d 255] (1973) and the standards therein set forth with respect to the introduction of prior convictions, it is questionable whether the District Attorney could have introduced these matters. However, in dealing with the issue at hand; that is, the alleged ineffectiveness of counsel for allowing the defendant to put in his criminal record, we are guided by principles enumerated in *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, [235 A.2d 349] (1967) as reaffirmed in *Commonwealth v. Waters*, 441 Pa. 511, [273 A.2d 329] (1971) where it is held that the test is not whether other alternatives were better but whether trial counsel's decision had any *reasonable basis*." (Emphasis supplied).

It should be pointed out that the Commonwealth contends that even under *Commonwealth v. Bighum, supra*, the crimes involved dishonesty constituting crimens falsi and so could have been admitted to attack credibility. We agree with the court below that the introduction of the criminal record was reasonable trial strategy under the circumstances on the part of counsel.

The contention as to violation of his rights under the Sixth Amendment is without merit. The court re-

fused to permit questions that had already been answered and were clearly repetitious and constituted harassment.

Judgment affirmed.

SPAETH, J., files a concurring opinion.

SPAETH, Judge (concurring).

I join the President Judge's opinion but wish to add a comment on the reasonable basis that trial counsel might have had for asking appellant about both of his prior convictions. As the trial judge observed, "the second conviction was obviously introduced to attack his wife's credibility." The difficulty is in discerning a reasonable basis for asking about the first conviction, for armed robbery.

In my view, the Commonwealth could not have introduced evidence of the first conviction; it is just the sort of conviction—committed by appellant 16 years before trial and when he was a juvenile—that *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), holds cannot be proved. The question, therefore, is: How could counsel have thought he was helping his client by nevertheless proving the conviction? How do you help a man by showing that he was a robber?

The first substantive questions counsel asked appellant related to the two prior convictions. As regards the conviction for armed robbery, appellant said he had no weapon. He explained the robbery as follows: He was seventeen, recently married, and his wife was pregnant. On the day his wife went to the hospital, his boss refused to pay him money due him, so he took it.

This testimony was consistent with appellant's other testimony, which was designed to show that appellant's wife, not he was the violent person: She had stabbed and shot him. She had made false accusations. He was moderate and concerned mainly with the welfare of the

children. It was she who was in some way responsible for all his difficulties.

The only reason I can see for introducing the first conviction was to promote a "poor creature" image of appellant, and show how he was even willing to commit a crime for his family. I must say I remain skeptical, but it is not our function to second-guess counsel. The crime was horrible; there were four children sleeping in the house, in addition to appellant's wife. Counsel evidently concluded that he had to take a chance he ordinarily never would take. I am unwilling to say that he was so plainly wrong we should hold him "ineffective." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Hill*, 231 Pa.Super. 371, 331 A.2d 777 (1974).