396 A.2d 645

**COMMONWEALTH of Pennsylvania**

**v.**

**David Donald EVERETT, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Dec. 28, 1978.

62

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant was convicted of robbery and is before this court claiming error in the denial of his request for individual voir dire and of his requested voir dire questions of the prospective jurors. Because we find no abuse of discretion, we affirm.

The administrative judge[1] employed the list system of challenge over the appellant's request to use the individual voir dire system of challenge. Appellant correctly concedes that the administrative judge has discretion to use either system in non-capital cases under Rule 1106(e) of the Pa. Rules of Criminal Procedure. Nevertheless, appellant contends that the administrative judge should have granted his request "[i]n order to avoid the appearance of partiality or prejudice." As a black man, the appellant implies that the jury selection had the appearance of partiality and prejudice since only five of the sixty prospective jury members were black.

It is not an abuse of judicial discretion to refuse to permit an individual voir dire simply because the appellant is dissatisfied with the racial composition of the panel of prospective jurors. The purpose of voir dire is to secure a competent, fair, impartial and unprejudiced jury. *Commonwealth v. Futch,* 469 Pa. 422, 366 A.2d 246 (1976). Properly administered, the list system of challenge insures this result. Appellant has not shown any prejudice in the administration of the list system. We hold that appellant has failed his burden of showing that the court abused its discretion in employing the list system of challenge. See, *Commonwealth v. Herron,* 243 Pa.Super. 319, 365 A.2d 871 (1976).

In order for appellant to attack the selection of the prospective jurors on the ground of racial bias, the proper objection would have been a challenge to the array. Appellant cannot raise this issue on appeal as he has not complied

1. In Allegheny County, the Administrative Judge of Criminal Court presides in the selection of a jury in lieu of the trial judge pursuant to Rule 1105 of the Pa.R.Crim.Proc.

with the procedural requirements of challenging the array under Rule 1104 of the Pa.Rules of Criminal Procedure.[2] Furthermore, it is doubtful whether the appellant could have shown prejudice in the selection of the prospective jurors. Accordingly, we reject consideration of appellant's allegation that the prospective jurors were improperly selected on the basis of race.

The second contention of the appellant is that the administrative judge erred in denying requested voir dire questions of the prospective jurors. We note at the outset that the scope of voir dire examination rests in the sound discretion of the administrative judge and that his decision will not be reversed in the absence of palpable error. *Commonwealth v. Lopinson,* 427 Pa. 284, 297, 234 A.2d 552 (1967), cert. denied, 411 U.S. 986, 93 S.Ct. 2269, 36 L.Ed.2d 963 (1973). While considerable latitude should be permitted on voir dire, the inquiry should be strictly confined to disclosing qualifications of a juror and whether a juror has formed an opinion or may otherwise be subject to disqualification for cause. *Commonwealth v. McGrew,* 375 Pa. 518, 525, 100 A.2d 467 (1953). Questions of a direct or hypothetical nature designed to disclose a juror's present opinion or what his opinion or decision would be under certain facts are prohibited, *Commonwealth v. Johnson,* 452 Pa. 130, 305 A.2d 5 (1973), as are questions in the nature of a legal instruction, *Commonwealth v. Rainey,* 242 Pa.Super. 39, 363 A.2d 1148 (1976).

The majority of appellant's requested questions centered upon examining the prospective jurors upon their understanding and acceptance of the law, particularly with respect to the legal presumption of innocence. Representa-

2. There is some indication in the record that the petitioner attacked his conviction in the court below on the basis of ineffective assistance of counsel. Part of the asserted ineffectiveness stemmed from his counsel's failure to inform him of his right to challenge the array. The trial court rejected this argument. Appellant has apparently abandoned the claim of ineffective assistance of counsel since he has not raised this issue on appeal after obtaining new counsel. See, *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

tive of this type of question is proposed question number four: "Do you agree with the statement of law that under our system a party accused of a crime is presumed to be innocent?" This form of question is impermissible because it does not inquire into the individual's qualifications as a juror to accept and act upon the law as stated to him by the court. *Commonwealth v. Calhoun,* 238 Pa. 474, 86 A. 472 (1913). The proposed voir dire questions improperly asked for the jurors' opinion of the law. The questions were also in the nature of a legal instruction which is prohibited by *Rainey,* supra. Thus, the administrative judge properly excluded the proposed questions.

It is clear that the appellant has not met his burden of showing that the administrative judge abused his discretion in refusing the individual voir dire or the requested voir dire questions.

Judgment affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.