415 A.2d 1231

**COMMONWEALTH of Pennsylvania**

v.

**David Leroy ALLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Dec. 7, 1979.

her child's father insufficient to rebut the presumption in the face of substantial evidence suggesting legitimacy).

---

Robert H. Reese, Jr., Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant, David Leroy Allen, pled guilty to murder generally and following a degree of guilt hearing, he was convicted of murder of the first degree stemming from the death of Ray Mylin, who was the landlord of appellant's brother, Richard Raymond Allen, and was stabbed by appellant and his brother when Mylin came to Richard Allen's apartment to collect the rent. This appeal followed.

■ Appellant contends that his plea of guilty was unconstitutionally coerced because at the time it was entered a jury could impose the death penalty but a judge could not.

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

There is no merit to this argument. *Commonwealth v. Nickol*, 476 Pa. 75, 381 A.2d 873 (1977); *Commonwealth v. Bhillips*, 475 Pa. 427, 380 A.2d 1210 (1977), *cert. denied*, 439 U.S. 1067, 99 S.Ct. 832, 59 L.Ed.2d 32.

■■ Appellant next argues that his guilty plea was not voluntarily, intelligently and knowingly made since it was induced solely by fear of the death penalty. A well-reasoned decision to plead guilty to avoid the death penalty does not of itself render the plea invalid. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978). The fact that a guilty plea is entered to escape a harsher sentence does not establish per se that the plea was not a free and rational choice. *Commonwealth v. White*, 446 Pa. 378, 288 A.2d 759 (1972).

■ Appellant also contends that during his guilty plea colloquy he denied killing the victim and thus there was no factual basis for the plea. A reading of the complete colloquy, however, leaves no doubt that, although at the beginning of the colloquy appellant said, "I ain't saying I killed him," during the subsequent portions of the colloquy he admitted his participation in the murder of the victim. Appellant's brief does not dispute that this admission occurred but argues that the earlier statement tainted the later admission. A reading of the complete colloquy, however, makes it clear that the earlier statement resulted from confusion concerning the degree of murder to which appellant was pleading guilty. Once the confusion was cleared up by the questioning of the trial judge, appellant unequivocally admitted his participation in the killing. The trial court did not err as to accepting this plea.

■ The final issue raised by appellant is that the trial court erred in failing to suppress his oral and written statements. He contends that the police should have stopped questioning him when he stated that "it would be the best thing" to talk to a lawyer. At the suppression hearing, a detective testified that such a statement had not been made. The issue was one of credibility and there is no

reason to disturb the trial court's conclusion. Appellant further argues that his written statement should have been suppressed because the police had reason to know prior to obtaining the written statement that appellant was represented by the Public Defender's office because an investigator from that office had made inquiries concerning appellant. The identical argument has been rejected. *Commonwealth v. Hawkins*, 448 Pa. 206, 292 A.2d 302 (1972). *See also, Commonwealth v. Yates*, 467 Pa. 362, 357 A.2d 134 (1976).

Appellant also argues the written statement should have been suppressed because of a delay in his arraignment. Appellant arrived at the police station at 6:35 p. m., and was arraigned at 9:05 p. m. There is nothing to indicate that this period of two and one-half hours was an unreasonable delay or that the statement obtained was a result of the delay. *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Moreover, the written statement was a repetition of the earlier oral statement obtained in the police car en route to the station. *Commonwealth v. Rowe*, 459 Pa. 163, 327 A.2d 358 (1974).

Judgment of sentence affirmed.

MANDERINO, J., filed a concurring opinion.

This decision was reached prior to the death of MANDERINO, J.

MANDERINO, Judge, concurring:

I concur in the result reached by other members of the panel in this case since the panel, sitting as a Superior Court panel, follows the decisions of the Supreme Court. When sitting as a member of the Supreme Court, as distinguished from my present duties, sitting by special designation as a member of Superior Court, I have maintained contrary views. *Commonwealth v. Bhillips*, 475 Pa. 427, 441, 380 A.2d 1210, 1217 (1977) (Manderino, J., dissenting); *Commonwealth v. Nickol*, 476 Pa. 75, 81, 381 A.2d 873, 877 (1977) (Roberts, J., dissenting); *Commonwealth v. Hawkins*, 448

Pa. 206, 220, 292 A.2d 302, 309 (1972) (Nix, J., dissenting); *Commonwealth v. Yates*, 467 Pa. 362, 366, 357 A.2d 134, 136 (1976) (Roberts, J., dissenting).