415 A.2d 1233

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard Raymond ALLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 7, 1979.

Filed Dec. 7, 1979.

R. S. Trigg, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

After entering a guilty plea and following a degree of guilt hearing, appellant, Richard Raymond Allen, was convicted of murder of the first degree and this appeal followed. The victim, appellant's landlord, was stabbed to death by appellant and his brother, David Leroy Allen, the corpse being found in a trash bag along the Conestoga Creek.

Since at the time of appellant's trial, a jury could impose the death penalty but a judge could not, appellant contends that he was unconstitutionally coerced. There is no merit to this argument. *Commonwealth v. Nickol*, 476 Pa. 75, 381 A.2d 873 (1977); *Commonwealth v. Bhillips*, 475 Pa. 427, 380 A.2d 1210 (1977), *cert. denied*, 439 U.S. 1067, 99 S.Ct. 832, 59 L.Ed.2d 32. Furthermore, the fact that appellant was motivated in entering the plea by a fear of the death sentence does not alone invalidate the plea. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. White*, 446 Pa. 378, 288 A.2d 759 (1972).

The next argument pursued by appellant is that the trial court erred in failing to suppress appellant's confession and other fruits of his arrest because the arrest was without probable cause and warrantless despite the absence of exigent circumstances.

We agree with the trial court that probable cause existed in this case. Testimony elicited at the suppression hearing established that the arresting officer knew the following: the victim's corpse with visible, multiple stab wounds was found in a green trash bag along the Conestoga Creek; a similar trash bag was found three to five feet away and containing articles apparently stained with blood, and a tag bearing appellant's name. Curtains, stained with what appeared to be blood, were also found. The area was

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

not a general dumping area and these were the only trash bags in the area. The arresting officer then checked the reports concerning Ray Mylin who had been reported missing and whose description matched the victim. This officer conferred with the officer who had investigated the disappearance of Ray Mylin. The victim's wife told that investigating officer her husband left.the house late in the afternoon of March 31, 1975, saying he was going to collect rent from appellant. Mylin's truck was found parked across the street from appellant's apartment.

In furtherance of the murder investigation, the arresting officer testified that he went to appellant's residence and spoke with appellant's wife who said appellant was not at home and consented to let them search the premises. The police noticed the kitchen floor appeared to have been recently washed and there were spots on the floor, wall and door jamb which appeared to be blood. They also noticed knives soaking in the sink, and that blankets or sheets were being used instead of curtains on the front window. They then learned from a neighbor that sounds of a scuffle were heard coming from the Allen apartment early in the evening of the day of Mylin's disappearance. The police then checked with appellant's employer, learned that appellant was driving a truck and proceeded to an area along appellant's route and arrested him. We conclude that these factual circumstances provided the probable cause required for appellant's arrest. They also warrant the conclusion that exigent circumstances were present. Had the police taken the time to obtain a warrant after visiting appellant's apartment and obtaining additional facts supporting probable cause, appellant might have learned in the interim that the police were looking for him and fled the area before an arrest could have been made.

 Appellant next contends that the evidence was insufficient to establish murder of the first degree. In examining this issue we are bound to view the evidence in the light most favorable to the prosecution and find if it supports a finding of a willful, deliberate and premeditated

killing. Appellant admitted killing the victim. Testimony at the degree of guilt hearing established appellant knew the victim was coming to collect rent and he and his brother were waiting for him, appellant asked his wife to leave before the victim arrived, the victim did not provoke the attack, appellant was not acting in the heat of passion, and the victim received wounds on the head from a blunt instrument and was stabbed repeatedly, several wounds penetrating the neck completely, one severing the carotid artery.

■ Finally, appellant argues that the trial court incorrectly placed the burden of proof on appellant instead of the prosecution as to self-defense. Appellant bases this argument upon the fact that the trial judge stated in his opinion "there was no substantial evidence submitted by the defendant or presented by the Commonwealth that could conceivably reduce the killing to voluntary manslaughter." Appellant ignores the fact that the trial judge continues his opinion by stating that he found "beyond a reasonable doubt that the deceased did nothing to legally provoke the attack on him; that the deceased did not threaten defendant with a roast pick or any other weapon." Under these circumstances we are not warranted in concluding that the trial judge erred.

Judgment of sentence affirmed.

MANDERINO, J., filed a concurring opinion.

This decision was reached prior to the death of MANDERINO, J.

MANDERINO, Judge, concurring:

I concur in the result reached by other members of the panel in this case since the panel, sitting as a Superior Court panel, follows the decisions of the Supreme Court. When sitting as a member of the Supreme Court, as distinguished from my present duties, sitting by special designation as a member of Superior Court, I have maintained contrary views. *Commonwealth v. Bhillips*, 475 Pa. 427, 441, 380 A.2d 1210, 1217 (1977) (Manderino, J., dissenting); *Common-*

354

*wealth v. Nickol*, 476 Pa. 75, 81, 381 A.2d 873, 877 (1977) (Roberts, J., dissenting).