**Ernest C. HOLBROOK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 13, 1984.

Thomas W. Miller, Miller, Griffin & Marks, Lexington, for appellant.

Steven L. Beshear, Atty. Gen., Suzanne Guss, Asst. Atty. Gen., Frankfort, for appellee.

Before DUNN, HOWARD and Mc-DONALD, JJ.

McDONALD, Judge:

This is an appeal from a final judgment of the Fayette Circuit Court, wherein appellant was sentenced to a period of probation of five years after a jury returned a verdict that he was guilty of the crime of use of a minor in a sexual performance, as prohibited by K.R.S. 531.310, and fixed his sentence at one and one-half years in the penitentiary.

The facts of this case are as follows. Appellant met Carlos Diaz, a minor born May 13, 1964, during a trip to Puerto Rico. On March 28, 1981, Diaz returned with appellant to Lexington, Kentucky. In May of 1981, Diaz and appellant moved into a two-bedroom apartment where they shared a master bedroom and engaged in a continuing homosexual relationship.

Mike McCormick, a subsequent witness for the prosecution at the trial of this case,

who had known appellant for 28 years and who had accompanied appellant to Puerto Rico in March of 1981, was given a video tape by appellant in July of 1981 with the request that he destroy it. Upon viewing the video tape several months later, McCormick discovered that it showed the appellant and Diaz engaging in sexual activities. McCormick recognized the scene of the activities as the master bedroom at the apartment where appellant and Diaz resided. He eventually turned the tape over to Detective Al Borne of the Lexington Police Department.

On August 9, 1982, appellant was indicted by the Fayette County Grand Jury with the offense mentioned above, and his trial began on October 13, 1982, culminating in the sentencing and probation.

Appellant argues on appeal two grounds for reversal: first, that the trial court abused its discretion in limiting defense counsel's voir dire and in failing to exclude jurors Critchfield, Wilkinson, and Givens; and, second, that the prosecution introduced insufficient evidence that appellant "employed, consented to, authorized, or induced" Diaz to engage in a sexual performance.

With regard to the first issue, appellant argues that the trial court erred in refusing to permit defense counsel to continue with the line of questioning he was utilizing at the voir dire proceeding, and specifically that the trial court was clearly erroneous in refusing to exclude for cause the aforementioned three jurors.

Defense counsel attempted to ask each individual juror a hypothetical question in an attempt to determine whether that juror had any prejudice toward homosexuality which would prevent her from rendering an impartial verdict. The purpose of the question was to isolate those jurors who would convict the defendant solely on the basis of the homosexual acts he had engaged in without regard to whether he had induced, used, or consented to the use of a minor in a sexual performance. One juror, Mrs. Critchfield, stated:

*Mrs. Critchfield:* I definitely think it's sinful but no more sinful than adultery, fornication, or anything like that. But if it is minors, I wouldn't have any qualms about finding 'em guilty.

Further testimony of this juror in response to questions posed by defense counsel was as follows:

*Mr. Miller:* ... Now, the evidence will be, Mrs. Critchfield, as I think the prosecutor has alluded to and the Judge has told you, the evidence the prosecutor anticipates proving is that there was homosexual activity in a movie and there was a minor involved in the movie. Now, if just those two details are known to you, if they prove just those two details, did you say that you would not have any trouble convicting him?

*Mrs. Critchfield:* I would not have as long as—as long as it was a minor. If it's two consenting adults, I definitely think it's wrong but that's their affair.

. . . . .

*Mr. Miller:* Mrs. Critchfield, if the only proof you had ... that Dr. Holbrook had engaged in a movie in sexual activity and it had been proven to you ... that ... the other male in the movie was a minor ... would you tend to convict Dr. Holbrook? Now, that's without knowing what the law of the case is.

*Mrs. Critchfield:* Do you mean the movie will be about him?

*Mr. Miller:* I believe that the ... Commonwealth Attorney will try to prove that; otherwise, we wouldn't be here in court today.

*Mrs. Critchfield:* If it was a minor in the case, I would have to find him guilty of it.

In response to questions from the court and from defense counsel as to whether she would be able to decide the case on the basis of the law and not on the basis of her personal views on homosexual activities, this juror responded, "I believe so," and "Not my personal view, no. That would not influence me."

Defense counsel posed to another juror, Mrs. Wilkinson, a similar question:

*Mr. Miller:* Mrs. Wilkinson, the Judge has explained to you that there will be possibly more in his instructions than just your having to find that Dr. Holbrook was involved in homosexual activity or sexual activity with a person in a movie and that person was a minor under eighteen years of age. What my question is is regardless of what he instructs you, if you're convinced that Dr. Holbrook was involved in homosexual activity and you're convinced that the person he was involved in that activity with in the movie was less than eighteen years of age, knowing only those two facts, would you tend to convict him regardless of what the law was?

Mrs. Wilkinson: Yes, if I knew that, just what you finished saying. Yes, I would.

Later questioning from the court elicited the following statements from this juror:

The Court: Will you follow the law?

Mrs. Wilkinson: I will follow the law.

The Court: Whatever the law may happen to be, without regard for your personal views?

Mrs. Wilkinson: Yes.

Mrs. Givens, the third juror, likewise indicated that she believed she could retire to the jury room and decide the case solely on the law without regard to her personal beliefs.

Appellant argues, citing the Sixth Circuit Court of Appeals case of *United States v. Blanton,* 700 F.2d 298 (6th Cir.1983), that the impairment of the peremptory strike is reversible error. *Blanton* concerned the effect of massive pretrial publicity upon the ability of prospective jurors to decide the case of a former Tennessee governor without bias. However, on rehearing, the Sixth Circuit approved the trial judge's voir dire procedure. *United States v. Blanton,* 719 F.2d 815 (6th Cir.1983). The trial judge's approval of a substantial increase in the number of peremptory challenges was a factor in the appellate court's decision.

The issue in this case is not whether defense counsel should have been permitted at voir dire proceedings to explore the bias of the prospective jurors, but whether the hypothetical question he asked was a proper method of determining such bias.

Although there are no Kentucky cases which are directly concerned with the appropriateness of the type of hypothetical questions posed by defense counsel to the prospective jurors, cases from other jurisdictions cited by appellee have held this type of hypothetical question at voir dire to be improper as they seek to obtain a prejudgment from a prospective juror as to what his verdict would be. *See State v. Abney,* 347 So.2d 498 (La.1977); *Commonwealth v. Everett,* 262 Pa.Super. 61, 396 A.2d 645 (1978); *Pinion v. State,* 225 Ga. 36, 165 S.E.2d 708 (1969).

In addition, the cases of *Gatlin v. State,* 236 Ga. 707, 225 S.E.2d 224 (1976), and *State v. Sawyer,* 26 N.C.App. 728, 217 S.E.2d 116 (1975), hold that a trial court does not err by refusing to allow hypothetical questions which are ambiguous or confusing.

The question asked by defense counsel at voir dire was, in our judgment, so confusing that an ordinary juror could not have been expected to understand it. Without being provided a description of the elements of the crime for which appellant was being tried, the prospective juror was apparently expected by defense counsel to somehow understand that she was expected to answer "no" to the question whether she would convict a defendant who had engaged in homosexual activity with a minor. The phrasing of the question was unclear as to what the circumstances might be to make a conviction improper upon a showing of such facts. The trial court's comment, which was as follows, aptly describes the inappropriateness of the question:

[Y]ou've asked if they prove the elements in the case, will they convict, and I can't tell them all the elements at this point in time. Now, if you want me to go on and instruct them on all elements and then ask them if they'll convict, we'll do that. But you're not giving them all the elements at this point in time.

That the question asked by defense counsel was indeed confusing is demonstrated by the statement of Mrs. Critchfield, who declared herself to be so confused she didn't know what to think and stated that she was "confused about this entire thing."

 It is in the discretion of the trial court whether to strike a juror for cause. *Caldwell v. Commonwealth*, Ky., 634 S.W.2d 405 (1982). We hold that due to the confusing nature of defense counsel's hypothetical question, there was no abuse of discretion by the trial court in this regard. All three of these jurors affirmed when asked that they would be able to decide the case based on the law and not on their personal beliefs, and the trial court was therefore not required to strike them for cause. *Peters v. Commonwealth*, Ky., 505 S.W.2d 764 (1974).

We now turn to the issue of whether there was sufficient evidence presented at trial that appellant employed, consented to, authorized or induced Carlos Diaz to engage in a sexual performance. Appellant argues that because Diaz, who was nearly eighteen when the film was made, freely and voluntarily participated in the homosexual activity, there was no affirmative act on the part of appellant to satisfy the requirements of the statute.

K.R.S. 531.310 is as follows:

Use of a minor in a sexual performance. —(1) A person is guilty of the use of a minor in a sexual performance if he employs, consents to, authorizes or induces a minor to engage in a sexual performance.

 We are in agreement with appellee that "consent to" or "authorize" as used in the statute does not require an affirmative act to cause Diaz to participate in the movie. To employ or to induce a minor to engage in the performance of sexual acts would necessitate such an affirmative act; however, the definition of the offense is not limited to such affirmative acts. The fact that appellant was an actor in the movie and engaged in the sexual acts with the minor is evidence of consent, and his direction of the movie and control of the film apparatus is abundant evidence of authorization.

 The willingness of Diaz to engage in the sexual activity with appellant is not a defense to the crime, as the statute was designed to protect minors from exploitation regardless of whether their participation was voluntary. Indeed, "employs, consents to, authorizes or induces" all imply the possibility of voluntary participation by a minor, as the idea of force or coercion is not ordinarily conveyed by those words.

 We are convinced that the participation of appellant in the sexual activity recorded on the film of necessity made his acts with regard to Diaz something more than "mere standing by without volition ... mere acquiescence." *Morgan v. Champion*, 150 Ky. 396, 150 S.W. 517 (1912). The evidence in this case was not such that it was clearly unreasonable for the jury to find the appellant guilty of the crime as charged. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

For the foregoing reasons, the judgment is affirmed.

All concur.