**John BACH, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1985.

Discretionary Review Denied and
Opinion Ordered Published by
Supreme Court Feb. 18, 1986.

David A. McCullough, Louisville, for appellant.

Bruce Hamilton, Sp. Asst. Atty. Gen., LaGrange, for appellee.

Before HOWARD, HOWERTON and LESTER, JJ.

HOWARD, Judge.

In this case, the appellant, John Bach, appeals his conviction for use of a minor in a sexual performance which resulted in a sentence of eight years in prison.

On December 31, 1982, the appellant took a series of photographs and made a videotape of Lisa Marie Littleton, age 13, at his residence in Oldham County. Lisa's mother, Sylvia Crawford, was present when the photographs were taken. Although Lisa wore lingerie in most of the photographs, she did not pose nude. Neither Lisa nor her mother complained to the police.

On June 3, 1984, Tammy Hosach made a complaint to the Oldham County Police that the appellant had threatened her with a weapon. She also informed the police of photographs of a 13-year-old girl taken by the appellant and kept at his home. The Oldham County police obtained a warrant and late in the evening of June 3, 1984, they seized a number of items from the appellant's house.

Subsequently, the appellant was indicted by the Oldham County grand jury on wanton endangerment, the use of a minor in a sexual performance and promoting a minor in a sexual performance. The wanton endangerment count of the indictment was severed from the other two counts. A trial was held in which the appellant was convicted for use of a minor in a sexual performance and was acquitted on the charge of promoting a minor in a sexual performance.

The appellant claims that the photographs of Lisa Marie Littleton that were introduced by the Commonwealth are as a matter of law not within the definition of KRS 531.310 (Use of a Minor in a Sexual Performance) and thus asserts he was entitled to a directed verdict.

A defendant is guilty under KRS 531.310 "if he employs, consents to, authorizes or induces a minor to engage in a sexual performance." "Sexual performance" under KRS 531.300(6) means "any performance or part thereof which includes sexual

conduct by a minor." KRS 531.300(4) defines "sexual conduct by a minor" as:

(a) Acts of masturbation, homosexuality, lesbianism, bestiality, sexual intercourse, or deviant sexual intercourse, actual or simulated, or,

(b) Physical contact with, or obscene exhibition of the genitals, or

(c) Flagellation or excretion for the purpose of sexual stimulation or gratification, or

(d) The exposure, in an obscene manner, of the unclothed or apparently unclothed human male or female genitals, pubic area, or buttocks, or the female breast, whether or not subsequently observed by a mark placed thereon, or otherwise altered, in any resulting motion picture, photograph or other visual representation, exclusive of exposure portrayed in matter of a private, family nature not intended for distribution outside the family.

The term "obscene" is defined in KRS 531.300(3) as:

(a) To the average person, applying contemporary community standards, the predominant appeal of the matter, taken as a whole, is to the prurient interest in sexual conduct; and

(b) The matter depicts or describes the sexual conduct by a minor in a patently offensive way, and

(c) The matter, taken as a whole, lacks serious literary, artistic, political, or scientific value.

The above definition of "obscene" essentially follows the test found in *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419, 431 (1973).

The appellant was convicted under the KRS 531.300(4)(b) and (d) definitions of sexual conduct by a minor. Under the clear language of the statute, the exposure or exhibition of a minor male or female body must be in an "obscene manner." The appellant asserts that the term "obscene" must be construed under KRS 531.300(3) and the standards of *Miller, supra*. This interpretation was followed in *Payne v. Commonwealth*, Ky., 623 S.W.2d 867

(1981). The Commonwealth contends that the term "obscene" in cases involving sexual performance by a minor should be construed in a more strict fashion in accordance with *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982).

In *New York v. Ferber*, the owner of a book store was convicted of promoting a sexual performance of a minor under a New York statute for selling two films depicting young boys masturbating. Sexual performance is defined in terms of sexual conduct which in turn is defined in essentially the same language as contained in KRS 531.300(4)(a), (b) and (c). Thus, the question of whether the films were obscene was not relevant.

The Supreme Court in *New York v. Ferber* stated that a finding of obscenity under the *Miller* standards is not necessary for regulation of pornographic depictions of minors because of the compelling interests in the prevention of sexual exploitation and abuse of children. Thus, "[w]hile some states may find this approach [the *Miller* test] properly accommodates its interests, it does not follow that the First Amendment prohibits a state from going further." *Id.* at 760, 102 S.Ct. at 3356, 73 L.Ed.2d 1113, 1125. The Court further stated that "we are persuaded that the states are entitled to greater leeway in the regulation of pornographic depictions of children." *Id.* at 756, 102 S.Ct. at 3354, 73 L.Ed.2d 1113, 1122. By this reasoning, the Court upheld the New York statutory scheme.

We do not see any language in *New York v. Ferber* that mandates the abandonment of the statutory requirement that obscenity be found in KRS 531.300(4)(b) or (d). First, the Supreme Court was not faced with a definition of sexual conduct such as in KRS 531.300(4)(b) or (d) where exposure of certain portions of an unclothed or apparently unclothed minor's body must be in an obscene manner. Second, the Court does not mandate that the obscenity of materials depicting sexual conduct by a minor not be considered as a factor in construing a child pornography statute. Rather, the Court merely held

that it is permissible under the First Amendment for a state to eliminate the question of obscenity under such a law if the state so desires. Thus, until the legislature should choose otherwise, we must follow the construction of the statute as outlined in *Payne, supra.*

In *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530, 533 (1977), the standard for a directed verdict of acquittal was "[i]f under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal." This view has been interpreted as the appellate standard of review. *Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3 (1983). In the instant case then, the question is whether the jury was clearly unreasonable in finding the pictures of Lisa Marie Littleton "obscene" as required under KRS 531.300(4)(b) or (d). We believe, on reviewing all of the competent evidence, the jury was clearly unreasonable in finding the photographs at issue obscene.

In *Miller, supra,* the Court stated that it was unprepared to define obscenity for the states. However, it stated that "[u]nder the holdings announced today, no one will be subject to prosecution for the sale or exposure of obscene materials unless those materials depict or describe patently offensive 'hard core' sexual conduct...." *Id.* 413 U.S. at 27, 93 S.Ct. at 2616, 37 L.Ed.2d 419, 433. Although this statement is only illustrative, in two recent cases in Kentucky involving convictions for the use of a minor in a sexual performance, the evidence was of such "hard core" sexual conduct. *Payne, supra; Holbrook v. Commonwealth,* Ky.App., 662 S.W.2d 484 (1984).

In the present case, the jury found the videotape and some of the photographs not to be obscene. None of the photographs of Lisa Marie Littleton were taken while she was nude. In some of the photographs, pubic hair was visible through the undergarments. In a few, she was wearing a sheer negligee and her breasts were visible. Some of the pictures presented a side or oblique view of her buttocks. The definition of sexual conduct in KRS 531.-300(4)(d) requires more than mere exposure, i.e., the exposure must be "in an obscene manner." We find nothing in the photographs in question that rises to the level of "hard core" pornography or other patently offensive conduct. In none of the photographs does she appear with another person or pose in a sexually provocative position. As for the "nudity" displayed in the pictures, the exposure of female anatomy is roughly equivalent to what might be seen during a visit to a public swimming pool. We do not condone the appellant's actions, but we simply do not think these pictures contain the type of obscene exposure prohibited by the statute.

Therefore, the trial court should have granted the appellant's motion for a directed verdict made at the conclusion of all the evidence. In view of this determination, all other issues raised by the appellant are now moot and will not be discussed.

The judgment of the trial court is reversed with directions to dismiss the indictment against the appellant.

All concur.